41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick M. SHEA, Plaintiff-Appellant,
v.
PIERCETON TRUCKING COMPANY, INC., Defendant-Appellee.
 No. 94-3627.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: LIVELY and SUHRHEINRICH, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Frederick M. Shea, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 2000e (Title VII). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Shea sued Pierceton Trucking Company contending that he was improperly terminated from his job on November 19, 1991, due to disparate treatment. Because of the cryptic nature of Shea's complaint, a magistrate judge ordered Shea to amend his complaint in order to state a claim. In response to the magistrate judge's order, Shea wrote a letter essentially stating that it would take a lot of paper to inform the court what had happened. Because Shea's letter, construed as an amended complaint, still did not state a claim, the magistrate judge recommended that the complaint be dismissed. Upon de novo review, the district court adopted the magistrate judge's report and dismissed the case.
 
 
 4
 In his timely appeal, Shea essentially argues that he was improperly terminated because he refused to transport hazardous materials in a manner which violated federal regulations. He requests oral argument.
 
 
 5
 The district court's opinion is construed as dismissing Shea's complaint for failing to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). This court renders de novo review of an order dismissing a complaint under Rule 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly dismissed the complaint because it does appear beyond doubt that Shea could prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 An individual may establish a prima facie case of disparate treatment by showing that the employer or union took action adversely affecting the individual's employment under circumstances giving rise to an inference of unlawful discrimination. See Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 279 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). The inference requires Shea to prove that a comparable non-protected person was treated better by Pierceton. The evidence must show that Shea was a member of a protected class and that for the same or similar conduct, he was treated differently than similarly situated employees of Pierceton. See Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992). Shea's cryptic complaint and letter to the district court, construed as an amended complaint, simply do not allege sufficient facts to establish a disparate treatment claim.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation